UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDELMIRO PEREZ-GARCIA, JR., :
        Plaintiff, :
:
v. : No. 5:18-cv-03783
:
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY, :
        Defendant. :
_____

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 7 – Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                                          **March 15, 2019**
**United States District Judge**

## I.     INTRODUCTION

Plaintiff Edelmiro Perez-Garcia, who incurred medical bills and wage loss following an automobile accident caused by an underinsured driver, initiated this action against his insurance carrier State Farm for refusing to pay benefits under the underinsured portion of the policy. Perez-Garcia alleges that he provided State Farm with "medical documentation clearly setting forth injuries to [his] right knee and injuries to the left ankle caused by the motor vehicle accident," but State Farm, through its Claim Specialist, "has asserted, without medical support, that none of the injuries that Plaintiff sustained were the result of the motor vehicle accident on October 7, 2016, and has refused to offer any benefits to Plaintiff's underinsured claim." *See* Compl. ¶ 18, ECF No. 1. State Farm has moved to dismiss two of the three claims. For the reasons set forth herein, the motion is denied with respect to the bad faith claim, and granted with respect to the claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. ANALYSIS

### A. The Motion to Dismiss the bad faith claim is denied.

Perez-Garcia asserts a bad faith claim pursuant to 42 Pa. C.S. § 8371, which State Farm has moved to dismiss.  State Farm argues that the claim is essentially based on State Farm's failure to pay underinsured motorist benefits even though it made payment for first-party benefits, which it contends is insufficient to support bad faith.  *See* Memo. 6-9, ECF No. 7-2.

"'[B]ad faith' on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.'" *Klinger v. State Farm Mut. Auto. Ins.*

*Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994), *appeal denied*, 659 A.2d 560 (Pa. 1995)). A plaintiff must show: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Id.*

Contrary to State Farm's suggestion, the bad faith claim is not based solely on the failure to pay underinsured benefits after having paid first-party benefits. The Amended Complaint also alleges that State Farm had medical documentation establishing that Perez-Garcia's injuries were caused by the motor vehicle accident, but that State Farm, "without medical support" and without a proper investigation, substituted the judgment of its own claim adjuster, a non-medical reviewer, and determined that the injuries were not sustained in the accident. *See* Compl. ¶¶ 18-19, 31-33. At this stage of the proceedings, this is sufficient to state a bad faith claim. *See Scott v. Foremost Ins. Co.*, No. 15-3257, 2015 U.S. Dist. LEXIS 133698, at *6 (E.D. Pa. Sep. 30, 2015) (concluding that the plaintiffs' allegations that the insurer disputed the plaintiffs' estimate without providing a reasonable explanation and with conducting any investigation was sufficient to state a bad faith claim); *Giangreco v. United States Life Ins. Co.*, 168 F. Supp. 2d 417, 423 (E.D. Pa. 2001) (concluding that in light of the witness accounts, even a sober driver may have caused the accident, and a factfinder could reasonably conclude that the insurer, which "did little investigation other than to review the police and toxicology reports," may have acted in bad faith by denying the claim without conducting a reasonable investigation).

Consequently, the request to dismiss the bad faith claim in Count II is denied.

**B.     The Motion to Dismiss the UTPCPL claim is granted.**

The Complaint asserts that State Farm's conduct in failing to fully and fairly evaluate the underinsured motorist claim despite medical documentation regarding Perez-Garcia's injuries also constitutes misfeasance under the UTPCPL. *See* Compl. ¶¶ 34-40. State Farm has moved to

3
031419

dismiss the claim, asserting: (1) its failure to pay underinsured motorist benefits constitutes only nonfeasance, which is not actionable under the UTPCPL, and (2) there have been no facts alleged that State Farm made any misrepresentations to Perez-Garcia and/or that he relied on any alleged misrepresentations to his detriment. *See* Memo. 9-11.

The UTPCPL "'creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who[,] as a result, sustain an ascertainable loss.'" *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 190 n.4 (Pa. 2007)); *see also* 73 P.S. § 201-3. "In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pennsylvania Blue Shield*, 548 A.2d 600, 604 (Pa. Super. 1988)). Additionally, a plaintiff "must prove justifiable reliance." *See Hunt*, 538 F.3d at 221-22 (citing *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance.")).

Reading the facts in the light most favorable to Perez-Garcia, the Complaint does allege malfeasance. Nevertheless, it fails to state a claim under the UTPCPL because the Complaint does not allege that Perez-Garcia relied on any wrongful conduct/representation by State Farm or that he suffered any harm as a result of that reliance. *See Rhoades v. Mid-Century Ins. Co*., No. 18-722, 2018 U.S. Dist. LEXIS 127318, at *5-6 (E.D. Pa. July 27, 2018) (dismissing the UTPCPL claim because the plaintiffs did not allege that the defendants made any false representations to induce

them to purchase the insurance policy; rather, the claims were predicated on the defendant's failure to pay the underinsured motorist claim).

Moreover, Perez-Garcia's allegations are not the type covered by the UTPCPL. *See Romero v. Allstate*, No. 16-4037, 2017 U.S. Dist. LEXIS 31965, at *3 (E.D. Pa. Mar. 7, 2017) (holding that the UTPCPL "simply does not cover" the plaintiffs' claim that the insurer improperly refused to pay the underinsured motorist claim as it occurred long after the insurance contract was purchased). The UTPCPL applies to conduct surrounding the insurer's pre-formation conduct; "[i]t does not apply to the handling of insurance claims." *See Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564-65 (E.D. Pa. 2016). Rather, the bad faith statute, 42 Pa. C.S. § 8371, applies to post-contract formation conduct. *See id.* (holding that "§ 8371 provides the exclusive statutory remedy applicable to claims handling" and that "an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim").

The UTPCPL claim in Count III is therefore dismissed with prejudice.[1]

## IV. CONCLUSION

Reading the Complaint in the light most favorable to Perez-Garcia, his allegations that State Farm failed to adequately investigate his underinsured motorist claim and essentially ignored medical documentation when denying coverage are sufficient to state a bad faith claim, but do not support a claim under the UTPCPL. A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (providing that a court may deny leave to amend if amendment would be futile).